IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARLENE BASSARATH, : | |
|     Petitioner, : | |
| : | |
| : | CIVIL ACTION NO. **3:05-478** |
| vs. : | |
| : | (JUDGE NEALON) |
| : | |
| BUREAU OF IMMIGRATION : | |
| CUSTOMS AND ENFORCEMENT, : | |
|     Respondent : | |

## **MEMORANDUM and ORDER**

On March 8, 2005, the Petitioner, Karlene Bassarath, an inmate at York County Prison, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her continued detention. (Doc. 1). The petition asserts that she is being held beyond the constitutionally permissible time necessary to effectuate her removal, and that her deportation is not reasonably foreseeable, although she concedes she received periodic reviews on November 26, 2004 and again on January 19, 2005. A response to the petition was filed on March 30, 2005. (Doc. 5). No traverse was filed thereafter. Consequently, the petition is ripe for disposition. For the reasons stated below, the petition will be denied.

**Background**

Petitioner, a native of Trinidad and Tabago, entered the United States in 1978 as an

immigrant. After she was convicted of a narcotics charge[1] in the Court of Common Pleas for Lackawanna County in 2003, the Bureau of Immigration and Customs Enforcement ("ICE") commenced deportation proceedings, charging her as removable as an alien convicted of an aggravated felony and additionally as one convicted of violating a controlled substance law. After being ordered removed by the Immigration Judge on August 26, 2004, Petitioner filed an appeal with the Board of Immigration Appeals which dismissed the appeal for lack of jurisdiction on November 4, 2004. Petitioner received a review on February 15, 2005, and her custody was continued.

**Discussion**

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that an alien's post-removal-period detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Id at 689. "A statute . . . permitting indefinite detention of an alien would raise a serious constitutional problem. The Fifth Amendment's Due Process Clause forbids the Government to "depriv[e] any person ... of liberty ... without due process of law." Id. at 690. Generally, a period of six months is considered presumptively reasonable. Patel v. Zemski, 275 F.3d 307, 309 (3d Cir. 2001). Subsequent to Zadvydas, ICE enacted new regulations in which it "establish[ed] special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of th the removal period, where the alien has provided good reason to believe there is no significant likelihood

---

[1] The offense for which Petitioner was convicted was Conspiracy to Possess with the Intent to Distribute a Controlled Substance, to wit, Crack Cocaine.

of removal to the country to which he or she was ordered removed . . . in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). The regulations require the alien to provide good reason to believe there is no significant likelihood of removal to the country to which he was ordered removed in the reasonably foreseeable future. Id.

The Government asserts that Petitioner's continued detention is permissible and that her deportation is imminent. Additionally, it maintains that travel documents have been secured for her and deportation is scheduled to occur this month. Petitioner has not established a claim implicating a fundamental liberty interest inasmuch as she fails to meet her burden of establishing "good reason to believe that there is no significant likelihood of removal in the reasonablely foreseeable future" under Zadvydas. Her claim consists only of the naked allegation that her removal to Trinidad and Tabago will not occur in the reasonably foreseeable future and that her detention is unconstitutional based merely on its duration. Such a proffer is insufficient to warrant relief under Zadvydas and its progeny. In light of this, it cannot be concluded either that her continued detention is unconstitutional or that her deportation is not reasonably foreseeable. Consequently, the petition for writ of habeas corpus will be denied.

ACCORDINGLY, THIS 25th DAY OF APRIL 2005, IT IS HEREBY ORDERED THAT:

1. The application to proceed *in forma pauperis* (Doc. 4) is GRANTED solely for the purposes of this order.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

3. The Clerk of Court is directed to close this case.

4. The court concludes there is no basis for the issuance of a certificate of appealability.

                                                    s/ William J. Nealon
                                                    United States District Judge